# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOSHUA SCOTT WILHITE,

    Plaintiff,

v.                                                               No. 1:19-cv-00567-KG-JFR

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER comes before the Court on Plaintiff's Complaint, Doc. 1, filed June 19, 2019. Plaintiff states that he is "chipped" and:

> I have been [chipped] for at least a decade now. I have known for about a year now. Previous years I did not know. I am filing a lawsuit against the Federal Government who partaked in this assignment without me knowing or without my permission under the acts of the Government I was blind of the fact of what I was being used for. Its not fair to me or the people. I will disable this chip and cut it out of my leg myself so help me GOD! . . . I am alive and will not be escorted back and fourth all over town to play your games anymore! I will [illegible] and take the chip out if this (con)tinues! Regardless I am still sewing the Federal Gov. I have been through hell Informing everybody on what needs to be done or how it can be changed yet nothing changes. I have been used in California, Arizona, Texas, Michigan, and New York! Its over! I have been taken away from my family! I dont get paid! and Im tired of the heat!

[sic] Complaint at 1-2. Plaintiff also states "[i]f you expect me to keep this in my leg! I expect to get paid a lot of money!" Complaint at 3.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to

address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

Plaintiff has not met his burden of showing that the Court has jurisdiction. "Sovereign immunity protects the United States and its agencies from being sued without their consent. The party asserting jurisdiction bears the burden of proving that sovereign immunity has been waived." *Impact Energy Resources, LLC v. Salazar*, 693 F.3d 1239, 1244 (10th Cir. 2012) (citations omitted). Plaintiff has not shown that sovereign immunity has been waived.

The Court will dismiss the Complaint without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**